UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | Criminal No. 07-155 (PLF) |
| | : | |
| KEVIN HONESTY | : | |

MOTION AND SUPPORTING
MEMORANDUM OF POINTS AND AUTHORITIES TO HOLD CHRISTOPHER IVINS IN
CONTEMPT FOR HIS WILFUL VIOLATION OF THE JULY 18, 2007 ORDER PLACING
DEFENDANT AT THE CENTRAL TREATMENT FACILITY

Defendant Kevin Honesty, by his attorney, Gary M. Sidell, hereby submits his motion and supporting memorandum of points and authorities to hold Christopher Ivins ("IVINS"), the Chief of Security of the Correctional Treatment Facility ("CTF"), in contempt of court for his willful violation of this Honorable Court's Order of July 18, 2007 (Document #4) which, by its express terms, directed that Mr. Honesty be ". . . hous[ed] . . . at Central Treatment Facility[1] until further Order of this Court."  In support of his motion, Mr. Honesty states the following:

1.      On July 18, 2007, at Mr. Honesty's arraignment, counsel requested that he not be housed at the D.C. Jail/Central Detention Facility for security reasons resulting from several people then housed at the D.C. Jail, but that he should be housed at CTF in order to avoid any potential physical harm.

---

[1] The name of the private jail located at 1901 E Street, SE, and operated by the Corrections Corporation of America ("CCA"), is the Correctional Treatment Facility.  The Court Order at issue here appears to have inadvertently combined the name of both the local jail (Central Detention Facility) with that for CTF.

2. Immediately upon counsel's request, a brief order was completed in court, and filed, directing that Mr. Honesty be housed at [the] ". . . Central Treatment Facility until further Order of this Court." See, Document #4.

3. After July 18, 2007, no further Court Order was entered concerning Mr. Honesty's custodial placement, nor was there any request, motion or suggestion by anyone, that Mr. Honesty be relocated to any other facility at any time.

4. From approximately 9:30 p.m. on August 1, 2007, until approximately 8:00 p.m. on August 2, 2007, Mr. Honesty was relocated from CTF to the D.C. Jail, before being returned to CTF.[2]  See, attached Inmate Transfer History Report, dated 9/11/07. Mr. Honesty's relocation from CTF to the D.C. Jail resulted directly from a decision made by the CTF security chief, Mr. Christopher Ivins ("IVINS").[3]

5. At no time either before, or after, Mr. Honesty's August 1, 2007 relocation out of CTF did anyone seek authority to modify, or otherwise change, the terms of the July 18, 2007 Order directing that Mr. Honesty remain housed at CTF.

6. Upon information and belief, counsel for Mr. Honesty understands that CTF received a copy of the July 18, 2007 Order on or about July 21, 2007, when Mr. Honesty arrived there from the D.C. Jail.

---

[2] On August 2, 2007, counsel was traveling to the west coast and, because of his unavailability until Tuesday, August 7, 2007, provided correspondence to this Honorable Court and the Government by facsimile late in the afternoon of August 1, 2007 detailing Mr. Honesty's relocation to the D.C. Jail. As a result of that correspondence, counsel understands that the Federal Defender's Office was contacted by this Honorable Court's staff for any assistance it might provide. Counsel further understands that, as a direct result of that assistance, by assistant Federal Defender Mary Petras, Esq., Mr. Honesty was relocated to CTF shortly before 8:00 p.m. on August 2, 2007.

[3] On July 31, 2007, and on August 1, 2007, counsel was prevented from not only conferring with Mr. Honesty at CTF by IVINS, but ordered to leave CTF and placed, without notice, on a "blacklist" banning him from CTF prospectively. Moreover, when counsel attempted to determine why he was being ordered to leave CTF, IVINS directed other CTF staff to "call MPD [Metropolitan Police Department] because he was refusing to leave." Rather than risking arrest, counsel left the prison facility without conferring with his client.

7. From August 23, 2007, to date, counsel has attempted repeatedly to identify counsel for IVINS/CTF, in order to resolve this matter, by both telephone calls to the CTF Warden, Mr. John Caulfield and by email to the D.C. Department of Corrections General Counsel Maria Amato. All such efforts have been unsuccessful in identifying anyone representing IVINS. Indeed, of all the several telephone calls to, and messages left for, Mr. Caulfield's secretary, Ms. Deborah Wooden (202-547-7822, extension 72209), none were returned.[4]

8. 18 U.S.C. § 401(3) proscribes as criminal conduct, in relevant part, the following:

"A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as-

(3) disobedience or resistance to its lawful . . . order. . . ."

9. A violation of this criminal statute is established where there is a clear and definite order of which the putative contemnor has knowledge, and willfully disobeys that order. In re Holloway, 302 U.S. App. D.C. 12, 995 F.2d 1080 (D.C. Cir. 1993); Chapman v. Pacific Tel. & Tel. Co., 613 F.2d 193 (9th Cir. 1979). Similarly, civil contempt is an appropriate sanction where a Court's order's provisions are clear, the moving party has established non-compliance by clear and convincing evidence and the putative contemnor has not exercised reasonable diligence in attempt to comply with the terms of that order. United States v. Connecticut, 931 F. Supp. 974 (D.Conn. 1996)(Connecticut state officials held in contempt for violating the terms of a consent decree concerning the care to be provided to institutionalized mentally retarded individuals, notwithstanding that state officials had already complied with more than 90% of the order's requirements). This Honorable Court has the "inherent power to protect [its] integrity and prevent

---

[4] On August 23, 2007, counsel was able to speak with Mr. Shelton Richardson, the assistant warden of CTF, about these events, IVINS and the CTF "blacklist." Mr. Richardson suggested that counsel call Ms. Wooden to arrange a time to speak, by telephone, with Warden Caulfield, in order to straighten out these matters. As a result of Mr. Richardson's suggestion, several telephone calls were made to, and messages left for, Mr. Caulfield, without success.

abuses of the judicial process" by holding parties in contempt and ordering sanctions for violations of the court's orders.  Webb v. District of Columbia, 146 F.3d 964, 971 (D.C. Cir. 1998); see also, Shepherd v. American Broadcasting Companies, Inc., 62 F.3d 1469 (D.C. Cir. 1995).  Moreover, any court order with jurisdiction over the subject matter and person must be obeyed by all parties until reversed by orderly and proper proceedings without regard for the constitutionality of the act under which the order was issued.  United States v. United Mine Workers, 330 U.S. 258 (1947); Walker v. Birmingham, 388 U.S. 307 (1967)(invalidity of a court order is ***not*** a defense to criminal contempt for disobeying that order).  Furthermore, a contempt proceeding does not open for reconsideration the legal and factual bases of the order alleged to have been disobeyed, becoming a retrial of the original controversy.  The process for enforcement of a court order either commanding or forbidding an act is not so inclusive as to foster experimentation with its disobedience.  United States v. Rylander, 460 U.S. 752, reh. den. 462 U.S. 1112 (1983)(taxpayer's conviction affirmed for failing to produce business records in response to Internal Revenue Service summons for production of documents; taxpayer's claim that he did not possess the records sought was an inadequate defense to a contempt charge for failure to produce the documents.)

      10.    A party who knows of an injunction, or court order, is bound to obey it.  Union Tool Co. v. Wilson, 259 U.S. 107 (1922).   Although a party must have actual knowledge of an order, before being held in contempt for violating it, it is unnecessary that the party be formally served with the order, so long as there is actual notice that an order has been issued, Finney v. Arkansas Board of Correction, 505 F.2d 194 (8th Cir. 1974); Irving Trust Co. v. Spruce Apts., Inc., 44 F.2d 218 (DC PA 1930).  Similarly, a party may be held in civil contempt even if their violation of a court order is not willful.  Thompson v. Johnson, 410 F. Supp. 633 (DC PA 1976),

4

aff'd w/o op., 556 F.2d 568 (3rd Cir. 1977).  In order to establish a civil contempt, the contemnor must violate a court order in effect at the time that certain conduct was required.  Petties v. District of Columbia, 897 F. Supp. 626, 629 (D.D.C. 1995); see also, S.E.C. v. Life Partners, Inc., 912 F. Supp. 4, 11 (D.D.C. 1996).

      11.    A Court has jurisdiction to punish an alleged contempt even if the allegations of a pleading are based solely on information and belief.  NLRB v. Red River Lumber Co., 109 F.2d 157 (9th Cir. 1940).

      12.    Mr. Honesty urges this Honorable Court to hold IVINS in contempt of court, as a violation of 18 U.S.C. § 401(3), or in civil contempt, for his unilateral decision to move Mr. Honesty from CTF to the D.C. Jail on August 1, 2007, in derogation of the directive of the July 18, 2007 Order.  Mr. Honesty submits that the July 18, 2007 Order was clear that Mr. Honesty remain at CTF until, and unless, that Order was modified.  Moreover, that Order was known to CTF staff which is why Mr. Honesty was relocated from the D.C. Jail to CTF shortly after the Order was signed and filed.  See, attached Inmate Transfer History Report.  Furthermore, not only was the Order never modified, there was not even the slightest effort made seeking its modification.  Indeed, IVINS simply, and solely, elected to ignore its terms because he was in a position to do so on August 1, 2007 and, thereby, jeopardized Mr. Honesty's safety by placing him at the D.C. Jail.  While Mr. Honesty incurred no physical injuries during his 23 hour stay at the D.C. Jail, he submits that such a fortuity does not justify or otherwise excuse the willful violation of the July 18 Order by IVINS.

      13.    Mr. Honesty urges this Honorable Court to find IVINS in contempt, after any appropriate hearings, for his knowing, if not willful, violation of the clear terms of the July 18, 2007 Order directing that Mr. Honesty be housed at CTF until further Court Order.

          Respectfully submitted,


          _____/s/_____
          Gary M. Sidell
          1776 K Street, NW
          Suite 800
          Washington, D.C. 20006
          D.C. Bar No. 961847
          202-783-0060
          Attorney for Kevin Honesty


## CERTIFICATE OF SERVICE

   I hereby certify that this pleading has been filed and served by ECF and caused to be served in person upon those listed below or their authorized agents this 12th day of September, 2007:

Mr. Christopher Ivins
Chief of Security
c/o Correctional Treatment Facility
1901 E Street, SE
Washington, D.C. 20003


Mr. John Caulfield
Warden
c/o Correctional Treatment Facility
1901 E Street, SE
Washington, D.C. 20003


          _____/s/_____
          Gary M. Sidell

6

**Inmate Transfer History Report**
**District of Columbia Central Detention Facility**

Today's Date: 09/11/2007

Inmate Name:  HONESTY, KEVIN D                          Booking#  2007-06683

| Transfer Date | From | To | | Date Received | Sending Officer | Receiving Officer |
|---|---|---|---|---|---|---|
| 07/06/2007 09:24 | INITIAL | 12 | Jail | 07/06/2007 09:24 | RICHARD, CORY | RICHARD, CORY |
| 07/20/2007 19:26 | CENTRAL DETENTION | 11 | CTF | 07/21/2007 08:42 | TROTTER, CHARLES | LONDON, DAVID |
| 08/01/2007 21:32 | CORRECTIONAL TREA | 12 | Jail | 08/01/2007 21:32 | TURNER, LINDA | TURNER, LINDA |
| 08/02/2007 14:52 | CENTRAL DETENTION | 11 | CTF | 08/02/2007 19:57 | RICHARD, CORY | HENRY, VAL |

# GARY M. SIDELL
ATTORNEY AT LAW
1776 K STREET, NW.
SUITE 800
WASHINGTON, D.C. 20006

(202) 783-0060
FAX (202) 331-9666
suitcase@erols.com

## AUTHORITY TO RELEASE INFORMATION

TO: Mr. Gerald Bowser
FAX ONLY: 202-698-5742

I, Kevin Honesty, DCDC 220-991, DOB: 5/7/66, hereby provide this Authority to Release Information by the D.C. Department of Corrections, Records Office, or any other related entity, to my attorney, Gary M. Sidell, concerning my transfer from the Correctional Treatment Facility ("CTF") on or about August 1, 2007, to the D.C. Central Detention Facility ("Jail") and back on or about August 2, 2007.

*[signed]* KEVIN HONESTY

9-10-07

per Mr. Obebe Approved 9-10-07 5:00pm
G. Bowser

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | Criminal No. 07-155 (PLF) |
| | : | |
| KEVIN HONESTY | : | |

O R D E R

      Based on the defendant's Motion and Supporting Memorandum of Points and Authorities to Hold Christopher Ivins in Contempt for his Willful Violation of the July 18, 2007 Order Placing Defendant at the Central Treatment Facility ("MOTION"), and the entire record of this proceeding, it is this _____ day of _____, 2007, hereby

      ORDERED, that Christopher Ivins shall show cause, if any he has, why he should not be held in contempt of court on the bases detailed in the defendant's MOTION; and it is further

      ORDERED, that a hearing shall be held on _____, 2007, at which time Christopher Ivins shall present any evidence he has on this issue.

 

_____
PAUL L. FRIEDMAN, Judge
United States District Court for the District of Columbia

Copies:

All parties to this proceeding

Christopher Ivins
c/o Correctional Treatment Facility
1901 E Street, SE
Washington, D.C. 20003