UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | 07-155(PLF) |
| | : | SENTENCE: September 26, 2007 |
| KEVIN HONESTY | : | 9:00 a.m. |

DEFENDANT'S MEMORANDUM IN SUPPORT OF SENTENCE

      Pursuant to the provisions of F. R. Cr. P. 49 and L. Cr. R. 49.1, defendant Kevin Honesty, by his attorney, Gary M. Sidell, hereby submits his memorandum in support of sentence. Mr. Honesty is currently scheduled to be sentenced on Wednesday, September 26, 2007, at 9:00 a.m. At his sentencing, Mr. Honesty expects to request that this Honorable Court impose, as its sentence, a term of between: (1) 84 and 105 months on count 1, armed bank robbery, in violation of 18 U.S.C. § 2113 (a) and (d), and (2) the mandatory minimum sentence of five (5) years on count 2, possession of a firearm during a crime of violence ("PFCV"), in violation of D.C. Code 22-4504(b), with both sentences to run concurrently with each other and to similarly run concurrently with sentences totaling 27 years that Mr. Honesty is currently serving. Moreover, Mr. Honesty expects to request that no fine be imposed in light of his indigency, that payment of restitution in the amount of $11,956.00 begin during his period of supervised release at the rate of $25.00 per month, or greater, depending upon his income at that time, and that no mandatory drug tests be required. This memorandum provides Mr. Honesty's bases for these requests.

I.    The Baltimore District Court Case (BEL-02-0545) August 9, 2002

    1.    In the summer of 2002, Mr. Honesty, with others, was involved with several bank robberies in both this jurisdiction and in the State of Maryland.  On August 9, 2002, Mr. Honesty was involved in an armed bank robbery in Silver Spring, Maryland ("August, 2002 robbery").  As a result of that event, on December 24, 2002, Mr. Honesty was charged in the United States District Court for the District of Maryland, Northern Division ("Baltimore"), with armed bank robbery (18 U.S.C. § 2113) and carrying a firearm during a crime of violence (18 U.S.C. § 924).  Mr. Honesty has been in custody since his arrest on November 14, 2002.  On October 19, 2006, in Baltimore, Mr. Honesty both entered guilty pleas to and was sentenced for: (1) armed bank robbery, in violation of 18 U.S.C. §2113, and (2) use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c).  The sentences imposed at that proceeding, and which were the result of a plea agreement pursuant to the terms of  F.R.Cr.P. 11(c) (1)(C), were a term of 18 years in prison for armed bank robbery with seven (7) years, consecutive, for the firearm offense.  Hence, Mr. Honesty received, and is currently serving, a total prison term of 25 years.  Additionally, restitution in the amount of $55,275.00 was ordered, with payments to begin upon Mr. Honesty's release from prison and payable at the rate of $25.00 per month, or more, depending upon his income at that time.  The amount and timing of restitution payments were expressly dependent upon both Mr.  Honesty's age (DOB: 5/7/66, 41 years now) and the lengthy prison sentence then imposed.  A term of three (3) years of supervised release was also part of his sentence.   No fine was imposed due to both Mr. Honesty's inability to pay one and the "stiff [prison] sentence" imposed.  10/18/06 Trn. @ 22.  Moreover, Mr. Honesty was required to participate in any vocational and educational programs specified by the probation office.

Finally, no drug or alcohol program requirements were imposed on Mr. Honesty due to his historic lack of any issues with these substances.  From Mr. Honesty's perspective, most importantly at that October, 2006 sentencing proceeding, was the fact that Judge Legg was informed about other bank robberies in which Mr. Honesty was involved and could have been charged.  Mr. Honesty's attorney at that proceeding expressed his understanding that ". . . the government is not going to pursue those other robberies."  Indeed, Mr. James G. Warwick, the assistant United States Attorney, responded by informing the Court that he "ha[d] no intention to pursue those other robberies in so far as they relate to Mr. Honesty."  10/18/06 Trn. @ 36-37.  Hence, Mr. Honesty understood that, with his plea in October, 2006, he had concluded his criminal exposure for his involvement with bank robberies from the summer of 2002.[1]

II.     The Greenbelt District Court Case (DKC 97-0014) November 27, 1996

2. In the early morning hours, Mr. Honesty was arrested for breaking into an ATM kiosk at a bank on Columbia Pike in Montgomery County, Maryland.  A Maryland police officer observed him leaving the locked ATM kiosk who then followed and arrested him.  At the time of his arrest, Mr. Honesty was found in possession of a handgun.  On May 17, 1999, Mr. Honesty was sentenced to a term of 57 months in prison, followed by 3 years of supervised release, on a charge of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  That supervised release began on January 18, 2001.  On November 14, 2002, a supervised release violation warrant was issued and on January 19, 2007, Mr. Honesty was sentenced to an additional 24 months for violation of his supervised release.  That 24 month prison term was made consecutive to his Baltimore sentences for armed bank robbery and possession of a firearm

---

[1] As part of his plea agreement in Baltimore, Mr. Honesty has the possibility for a maximum one (1) time reduction in his 25 year sentence of five (5) years, pursuant to F.R.Cr.P. 35.  To date, there has been no motion filed seeking any such reduction.

during a crime of violence producing a total prison term of 27 years (18 years, armed bank robbery, followed by 7 years, possession of firearm during crime of violence, followed by 24 months, supervised release violation).

III.   The Current Case

3.   In July, 2007, shortly before the expiration of the limitations period of five (5) years, Mr. Honesty was indicted in this case.  Less than two (2) months later, on September 11, 2007, Mr. Honesty entered his guilty pleas in this case to an superseding Information charging him with two (2) counts: (1) armed bank robbery, in violation of 18 U.S.C. § 2113, and (2) possession of a firearm during a crime of violence, in violation of D.C. Code 22-4504(b).  These charges against Mr. Honesty resulted, in large part, from "debriefing" information that he provided previously to law enforcement agents about the events of the summer of 2002.  Moreover, the plea agreement here limited the prosecution's request for any sentence on the bank robbery charge to a ***concurrent*** sentence to that imposed in Baltimore (18 years).  Additionally, on the PFCV charge, count 2 of the Information, either party is free to seek a concurrent (defendant) or consecutive (prosecution) sentence to the bank robbery sentence.  Furthermore, neither party will seek a sentence greater than the mandatory minimum term of five (5) years on the PFCV charge.  See, Plea Agreement @ page 3-4, ¶ 4.A.  Finally, the prosecution will not seek any sentence imposed in this case to run consecutively with the 24 month sentence imposed on January 19, 2007, for violation by Mr. Honesty of his supervised release in the Greenbelt case.  Id.

4.  Mr. Honesty is facing a maximum statutory sentence of 25 years for the armed bank robbery offense, 18 U.S.C. § 2113(d), and 15 years for the PFCV charge, D.C. Code 22-4504(b) of which 5 years is a mandatory minimum sentence.

5.  Mr. Honesty's United States Sentencing Guidelines range for the armed bank robbery charge allows for imposition of a prison term from 84 to 105 months (7 to 8 years, 9 months), given the offense severity level of 25 and his criminal history category of IV. See, PSR @ ¶¶ 11-23; 28-31.

6.  Imposition of a criminal sentence must consider a variety of factors, as detailed in 18 U.S.C. §3553, in order to fulfill the following four (4) traditional objectives:

    (A)  imposition of just punishment for committing the offense;

    (B)  provision of deterrence to criminal conduct;

    (C)  protection of the public from further crimes by the defendant; and

    (D)  provision of needed educational or vocational training, medical care or

other corrective treatment to the defendant. 18 U.S.C. §3553(a) (2).

7.  In achieving the four (4) objectives listed above, various considerations of both the nature and circumstances of the offenses involved, as well as the characteristics of the defendant, must be evaluated. Mr. Honesty submits that the second and third objective, as identified above, may be satisfied simultaneously, as a result of not only the sentence to be imposed in this case, but that of 25 years imposed already in his Baltimore case. Mr. Honesty will not be released from prison for more than 16 years from now, assuming that he receives the maximum permissible credit of 54 days/year and considering the 58 months that he has been in custody so far. At that time, Mr. Honesty will be nearly 60 years old. Hence, there is already a deterrence of prospective crime, as well as public protection, for nearly two (2) decades. Moreover, Mr.

Honesty submits that such a lengthy prison term certainly qualifies as "just punishment" for the offenses to which he has entered his guilty pleas. Mr. Honesty has received his GED, having completed the 11th grade in high school. As a result, he has already a more than basic education. That formal education was put to use during the one and one-half(1 1/2) year period before his most recent incarceration when Mr. Honesty was capable to obtaining, and holding, a position as a Metro bus driver on a full time basis. PSR @ 65. Indeed, throughout the course of this case, counsel has found Mr. Honesty to be most aware of not only this case, but to be very perceptive, articulate and knowledgeable generally. Furthermore, Mr. Honesty has been an entrepreneur starting a promotion business to produce concerts in the Washington area. Therefore, Mr. Honesty already has the educational foundation and capabilities to obtain gainful employment upon his release from custody without further formal education. Certainly, additional education can serve only to enhance Mr. Honesty's employment prospects, a consideration that Mr. Honesty intends to pursue. As with his Baltimore sentence, Mr. Honesty submits that any further vocational or educational requirements to be met should be set by the probation office. 10/18/06 Trn. @ 21-22.

     8. While the Sentencing Guidelines are no longer mandatory, they do provide guidance to Courts for imposition of criminal sentences, <u>United States v. Booker</u>, ___U.S.____, 125 S. Ct. 738, 749-750(2005), so there is some uniformity among different courts imposing sentences between defendants for a given offense. Moreover, a sentence imposed within the applicable guideline range is presumptively reasonable. <u>Rita v. United States</u>, No. 06-5754, 2007 WL 1772146 (June 21, 2007). Mr. Honesty's written plea agreement notifies him that ". . . the Court is not bound by the above stipulations [concerning arguments for sentences in this case to be either concurrent or consecutive to those he is presently serving], either as to questions of fact or

as to the parties' determination of the applicable Guidelines range, or other sentencing issues." Plea Agreement @ 5, ¶ 5.  Similarly, Mr. Honesty has been informed that the actual sentence to be imposed ". . . is determined solely by the Court."  Id., @ ¶ 6.  This was the same position of which Mr. Honesty was informed on September 11, 2007, during his plea colloquy with this Honorable Court; that, although the parties' positions concerning the sentence to be requested may be definite, the actual sentence to be imposed is determined solely and exclusively by the Court.

  9. The parties' intent in reaching the plea agreement producing Mr. Honesty's upcoming sentencing is, he submits, to approximate the sentence imposed on October 18, 2006, for the nearly identical charges in his Baltimore case.  That sentence included 18 years for armed bank robbery followed by seven (7) years for a weapons offense where the two (2) terms were consecutive to each other.

  9. Mr. Honesty urges this Honorable Court to impose as a sentence here a term within his USSG category (offense level 25, criminal history level IV) from 84 to 105 months and to make that term concurrent with his existing sentences.  More importantly, he urges that the sentence of the mandatory minimum five (5) years for the District of Columbia PFCV charge be the sentence imposed and that it also be concurrent with the sentence for armed bank robbery here and with any other sentence.   18 U.S.C. § 3584(a)(multiple terms of imprisonment imposed at the same time run *concurrently* unless the court orders or the statute mandates that they run consecutively.)

  8. Similarly, Mr. Honesty submits that the Sentencing Guidelines specify concurrent terms for both of the two (2) offenses involved in this Information, as well as with his existing sentences.  USSG § 5G1.2(c) allows that where the count with the highest statutory maximum

7

sentence provides for adequate total punishment, all sentences "shall run concurrently. . . ." Moreover, Application Note 1, reinforces this consideration by recognizing that the "total punishment" is determined by the longest sentence available among the various charges, with any other sentence imposed to run concurrently with the longest sentence. This process applies where, as here, multiple charges are contained in the same information. Alternatively, the Application Note informs that if there is an ***inadequate*** statutory maximum sentence available, consecutive sentences are permissible. Mr. Honesty submits that the maximum sentence available for armed bank robbery, 25 years, allows a more than adequate "total punishment" for this offense, particularly in light of the imposed Baltimore sentence of 18 years. Furthermore, that 18 year sentence was considered appropriate not only for the prosecution to offer it in an 11 (c)(1)(C) agreement, but appropriate for Judge Legg to accept and impose, being fully aware of additional potential bank robbery charges that were extant, but would not be charged. Similarly, the PFCV charge, with its mandatory minimum five (5) year prison term is, we submit, one that should run concurrently since the exposure of the armed bank robbery statute permits an adequate "total punishment" for Mr. Honesty. Indeed, as Judge Legg noted during the October 19, 2006 sentencing, no fine would be assessed, in part, because of the lengthy prison sentence then imposed. Similarly, restitution payments would not begin in the Baltimore sentence until supervised release began, again due to the lengthy prison sentence then imposed. As a result, Mr. Honesty submits that the "total punishment" for this case is such that the multiple sentences to be imposed should run concurrently with not only each other, but with those existing sentences which still have nearly twenty (20) years to run.

Based on the foregoing, in addition to any further information provided at the September 26, 2007 sentencing hearing, Mr. Honesty urges this Honorable Court to impose as its sentence

imprisonment within the current USSG category of 84 to 105 months for the armed bank robbery charge, with the mandatory minimum five (5) year term for the PFCV charge to run concurrently with that for the bank robbery charge, and both to run concurrently with any existing sentence. Moreover, Mr. Honesty urges that no fine be assessed due to his indigency and the length of the prison sentence involved, and that restitution payments not begin until his term of supervised release begins. Finally, Mr. Honesty urges that this Honorable Court recommend to the Bureau of Prisons that he be housed at the Fairton FCI located in south central New Jersey, 50 miles from Philadelphia. Mr. Honesty makes this request in order to receive visiting family members who will be visiting his son while he attends Drexel University which is located in Philadelphia, PA. Such family contact, albeit on a limited basis, will provide Mr. Honesty with some level of continuity in his ultimate transition back to his community. 18 U.S.C. § 3621(b)(4)(A),(B).

        Respectfully submitted,

_____\\s\\_____
Gary M. Sidell
1776 K Street, NW
Suite 800
Washington, D.C. 20006
D.C. Bar No. 961847
202-783-0060
Email: suitcase@erols.com
Attorney for Kevin Honesty

9

CERTIFICATE OF SERVICE

I hereby certify that I have caused this pleading to be filed electronically by ECF to all parties to this case this 19th day of September, 2007.

_____\s_____
Gary M. Sidell