**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No.  07-155 (PLF) |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN HONESTY, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this memorandum to aid the Court in its sentencing decision.  The government is requesting that the Court sentence the defendant on Count 1 (armed bank robbery) to 105 months, to be served concurrent with the 25-year sentence the defendant is serving pursuant to his conviction in the District of Maryland; and to a mandatory minimum sentence of 60 months on Count 2 (the weapons offense), this sentence to be served **consecutive** to the Maryland sentence.  The government is not requesting that any portion of this sentence run consecutive to the term the defendant is currently serving pursuant to his violation of supervised release.

A.  Procedural Background

On September 11, 2001, the defendant pleaded guilty to one count of armed bank robbery and one count (under the D.C. crimes code) of using and carrying a firearm in furtherance of the

-2-

commission of a violent crime.  In return, the government agreed not
to oppose a concurrent sentence on the federal offense, and agreed
to dismiss (at the time of sentencing) a federal firearms offense
(18 U.S.C. §924(c)) that would have subjected the defendant to a
mandatory, consecutive prison term of twenty-five (25) years.

      The bank robbery charged here was part of a crime spree in
which the defendant engaged in the Summer of 2002, in the District
of Columbia and in Maryland, involving robberies of banks and an
armored car carrier.  Contrary to the defendant's assertions in his
sentencing memorandum (that these charges are the result of
information provided by the defendant in a series of "debriefing"
sessions), law enforcement authorities in the District of Columbia
(including the undersigned prosecutor) were fully aware of and
prepared to charge the defendant with the July 19, 2002 D.C. bank
robbery, long before his debriefing sessions, later that year.  And
as the defendant is aware, the information requested by the
government in the debriefing sessions related to other participants.

      Also contrary to the defendant's assertions in his sentencing
memorandum, it was not the intention of the United States to
"approximate the sentence imposed on October 18, 2006," in
Baltimore.  *See* Defendant's Memorandum in Support of Sentencing" at
page 7, ¶9.  Rather, it is the intention of the United States to
have the defendant serve an additional period of incarceration, as
punishment for the additional crimes committed in the District of

-3-

Columbia.[1]  Nevertheless, in light of the lengthy sentence imposed

in the District of Maryland, and the defendant's agreement not to

withdraw or otherwise contest that sentence, and given the state of

the record with respect to the scope of the Maryland plea agreement,

the government believes that a concurrent sentence for the bank

robbery and a consecutive 60-month sentence for the weapons charge,

is fair and appropriate.

B.  Sentencing Guidelines Analysis

The Pre-Sentence Report correctly states that the base offense

level for the defendant's conduct is 20 (§2B3.1(a)), increased by 2

levels because the victim is a financial institution (§2B3.1(b)(1)),

5 levels because a firearm was brandished (§2B3.1(b)(2)(C)), one

level because the loss was greater than $10,000 (§2B3.1(b)(7)(B);

and reduced three levels for acceptance of responsibility (§3E1.1).

---

[1]  Nor does the government agree that the defendant
reasonably could have believed that his guilty plea in Baltimore
would have included the robbery committed in the District of
Columbia.  Early in 2006, the defendant was to appear in U.S.
District Court for the District of Columbia to enter a plea to
all of the robberies, including a Rule 20 Criminal Information
transferred from the District of Maryland.  The defendant
rejected that plea offer, and was returned to the District of
Maryland for trial.  On the day of trial, the defendant pleaded
guilty to one Maryland robbery.  Although the defendant now
claims to have misunderstood the scope of his "day-of-trial" plea
in the District of Maryland, the prosecutor in that jurisdiction
believes that claim to be insincere, given the history and
circumstances of the plea.
    After the Maryland plea was entered, authorities in the
District of Columbia moved forward with their case, delayed only
by awaiting the outcome of the proceedings in Maryland and
because the assigned FBI/WFO case agent had been re-assigned to
the training academy at Quantico, Virginia.

-4-

C.   The Defendant Deserves Consecutive Sentence
               For the Firearms Offense

The defendant is now convicted of one additional robbery, but it is not an insignificant robbery that should be subsumed by the punishment he already has received.  The employees and customers at SunTrust Bank were held at gunpoint while the defendant ran through the bank gathering cash.  The co-defendant brandished a long-barreled shotgun, and the defendant brandished a pistol.  Clearly, they intended to terrify, control, and traumatize -- and they succeeded.  Hardworking citizens of the District of Columbia deserve better than to be terrorized by thugs in plastic masks with guns.

The government recognizes that the defendant has been in custody for nearly five years, now, and may be remorseful for his behavior and conviction.  But the only way to protect the public from this defendant's behavior is to isolate him for a long period of incarceration.  It is the government's view that an additional five years' punishment (which ultimately is an increase of only three years, since this sentence need not run consecutive to the defendant's sentence for violation of his supervised release) is appropriate and sufficient.

A consecutive sentence is appropriate to the "nature and circumstances of the offense and the history and characteristics of the defendant" (see 18 U.S.C. §3553(a)(1)).  The nature of this offense (bank robbery) is exacerbated the fact that this defendant

-5-

is a convicted felon, who had been sentenced to jail before, had been supervised on probation and who nevertheless continued to violate the law -- indeed, he had escalated his conduct to violent robbery.

Given this defendant's criminal history and personal character, as well as the outrageous behavior of terrifying hard-working bank employees, a sentence of an 105 concurrent months and 60 consecutive months would at the very least "reflect the seriousness of the offense ... promote respect for the law, and ... provide just punishment for the offense" (see §3553(a)(2)(A)).  A sentence of five additional years is long, but with a defendant as persistent as this defendant, a long sentence will either "afford adequate deterrence to [future] criminal conduct" (see §3553(a)(2)(B)) or will, at the very least, isolate and incapacitate the defendant so as "to protect the public from further crimes of the defendant" (see §3553(a)(2)(C)).

Clearly, although alternatives exist, incarceration is the only "kind[] of sentence[] available" where the defendant has been to jail, on probation, on supervised release, and yet persists in -- indeed, has escalated -- his law-breaking conduct.

-6-

WHEREFORE, the government requests that the Court adopt the PSR, and impose a sentence of: a) 105 months on Count 1, to be served concurrent with the 25-year sentence the defendant is already serving based on his conviction in the District of Maryland; and b) 60 months on Count 2 (a mandatory minimum sentence) to be served consecutive to the 25-year sentence imposed in Maryland.

Respectfully Submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
D.C. Bar Number 498610


By: _____

BARBARA E. KITTAY
Assistant U.S. Attorney
D.C. Bar Number 414216
United States Attorney's Office
555 Fourth Street, N.W. Rm. 4846
Washington, D.C.  20530
Tel. (202) 514-6940
Barbara.Kittay @usdoj.gov