

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St , N.W.*
*Washington, D C. 20530*

August 24, 2007

FILED

SEP 1 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Gary M. Sidell, Esquire
1776 K Street, N.W.
Suite 800
Washington, D.C.   20006

Re:  United States v. Kevin D. Honesty, 07-0155 (PLF)

Dear Mr. Sidell:

This letter sets forth the full and complete plea offer to your client, Kevin D. Honesty, from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office").  This plea offer will expire on September 12, 2007.  If your client accepts the terms and conditions of this offer, please have him execute this document in the space provided below.  Upon receipt of the executed document, this letter will become the Plea Agreement.  The terms of the offer are:

1.  **Charges and Statutory Penalties**:  Your client agrees to waive any bar to prosecution under the applicable statutes of limitation, waive further indictment by the grand jury, and plead guilty to a superseding Criminal Information (*see* Attachment A) charging one count of armed bank robbery (in violation of Title 18, United States Code, Sections 2113(a) and (d)) and one count of possession of a firearm during a crime of violence (in violation of Title 22, D.C. Code, Section 4504(b)).

Your client understands that armed bank robbery, pursuant to Title 18, United States Code, Section 2113(d), carries a maximum penalty of twenty-five (25) years imprisonment, a fine of up to $250,000, and a term of five (5) years of supervised release. The District of Columbia firearms charge carries a mandatory minimum term of five (5) years and a maximum term of fifteen (15) years imprisonment, and three (3) years supervised release.

-2-

In addition, your client agrees to pay a special assessment of $100 per felony conviction to the Clerk of Court, U.S. District Court, prior to the date of sentencing.  Your client further understands that, pursuant to Section 5E1.2 of the United States Sentencing Guidelines ("Sentencing Guidelines"), the Court may also impose a fine sufficient to pay the federal government the costs of any imprisonment.  Your client understands that the sentence in this case will be determined by the Court pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551 *et seq.*, and the United States Sentencing Guidelines, as further described below.  Finally, your client understands that he will be required by federal law to make restitution.

In consideration of your client's plea to the above offenses, he will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense.  Your client agrees that with respect to any and all superseded or dismissed charges, he is not a "prevailing party" within the meaning of "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997) and will not file any claim under that law.

2.  **Factual Stipulations**:  Your client agrees that the attached "Statement of the Offense" (*see* Attachment B) fairly and accurately describes your client's actions and involvement in the offenses to which your client is pleading guilty.  It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

3.  **Sentencing Guidelines**:  Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2006 edition) (hereinafter "Sentencing Guidelines" or "U.S.S.G"), and with respect to the Superior Court charge, the Guidelines of the D.C. Advisory Commission on Sentencing (hereinafter "D.C. Guidelines")(2006 edition).  Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following: The property taken in the robbery was $11,956.75 in U.S. currency and was the property of a federally insured financial institution, and the defendant brandished a firearm during the commission of the offense.  However, nothing in this agreement is to be read as precluding either party from arguing for or against the applicability of any other specific offense characteristic and/or adjustment to the defendant's base offense level that is not specifically referenced in the agreement.

-3-

**(A)** **Offense Level under the Guidelines**:  The parties to this agreement agree that U.S.S.G. §2B3.1 sets a base offense level for robbery at 20, with 2 levels added because the victim was a financial institution (§2B3.1(b)(1)); 5 levels added for the brandishing of a firearm (§2B3.1(b)(2)); and 1 level added because the loss exceeded $10,000 (§2B1.1(b)(7)(B)); resulting in an adjusted offense level of 28.  Possession of a firearm during a crime of violence is a "Group 5" offense under the D.C. Guidelines.

**(B)** **Adjustment for Acceptance of Responsibility**:  Assuming your client clearly demonstrates acceptance of responsibility to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence, and does not commit acts of obstruction, as set forth in paragraph 4(B), below, the Government agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G. §3E1.1(a). Furthermore, assuming your client has accepted responsibility as described in the previous sentence and that his base offense level is 16 or greater, the Government agrees that an additional 1-level reduction would be appropriate, pursuant to §3E1.1(b), because your client has assisted authorities by providing timely notice of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

**(C)** **No applicable departures**:  The parties agree that under the Sentencing Guidelines neither a downward nor an upward departure from the applicable Guidelines Range is warranted. Accordingly, neither party will seek such a departure or seek any adjustment not set forth herein.  Nor will either party suggest that the Court consider such a departure or adjustment.

4.  **Agreement as to Sentencing Allocution**:  The parties further agree that a sentence within the applicable Guidelines Range established by the Sentencing Guidelines, if determined in accordance with the parties' stipulations in this Agreement, would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a).  However, the parties agree that either party may seek a sentence outside of the Guideline Range established by the Sentencing Guidelines and may suggest that the Court consider a sentence outside of that  Guidelines Range based upon the factors to be considered in imposing sentence pursuant to Title 18, United States Code, Section 3553(a).

**(A)** **Agreement Regarding Effect of Conviction and Sentence in the District of Maryland**: This agreement and the facts covered by

-4-

this Agreement are separate and distinct from the plea agreement
that the defendant entered into in the District of Maryland in
Case Number BEL-02-0545, in which the defendant pleaded guilty
and was sentenced to a total term of twenty-five (25) years
imprisonment, with the potential for a Rule 35 reduction of up to
five (5) years.  The plea agreement in this case is contingent
upon the defendant's continuing to serve the sentence imposed in
the District of Maryland, as set forth in paragraph 9, below.
However, the government agrees not to oppose a request that the
sentence that is to be imposed in this case for Count One (the
armed bank robbery committed in the District of Columbia), run
concurrent with the sentence imposed in the District of Maryland.
The parties further agree that with respect to the sentence to be
imposed on Count Two (possession of a firearm during a crime of
violence, of which sixty (60) months is mandatory), that each
party will allocute for a sentence of sixty (60) months which, as
set forth in paragraph 5, below, is not binding on the court; in
addition, each party is free to allocute that the sentence on
this count should be concurrent or consecutive to any other
sentence.  Notwithstanding any other provision of this agreement,
the government agrees that it will not request that any sentence
run consecutive to the 24-month sentence imposed in the District
of Maryland, for violation of supervised release in Case Number
DKC-97-14.

   (B) **Conduct Prior to Sentencing**:  Nothing in this Agreement
limits the right of the Government to seek denial of the
adjustment for acceptance of responsibility, *see* U.S.S.G.,
Section 3E1.1, and/or imposition of an adjustment for obstruction
of justice, *see* U.S.S.G., Section 3C1.1, regardless of any
stipulation set forth above, should your client move to withdraw
his guilty plea after it is entered, or should it be determined
that your client has either (I) engaged in conduct, unknown to
the Government at the time of the signing of this Agreement, that
constitutes obstruction of justice or (ii) engaged in additional
criminal conduct after signing this Agreement.

   (C) **Post-Sentence Allocution**:  In addition, the Government
reserves its right to full allocution in any post-sentence
litigation in order to defend the Court's ultimate decision on
such issues.  Your client further understands that the Government
retains its full right of allocution in connection with any post-
sentence motion which may be filed in this matter and/or any
proceeding(s) before the Bureau of Prisons.  In addition, your
client acknowledges that the Government is not obligated and does
not intend to file any downward departure sentencing motion under
Section 5K1.1 of the Sentencing Guidelines, 18 U.S.C. §3553(e),

-5-

or any post-sentence downward departure motion in this case
pursuant to Rule 35(b), Fed. R. Crim. P.

5. **Court Not Bound by the Plea Agreement**:  It is understood
that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B)
and 11(c)(3)(B), the Court is not bound by the above
stipulations, either as to questions of fact or as to the
parties' determination of the applicable Guidelines range, or
other sentencing issues.  In the event that the Court considers
any Guidelines adjustments, departures, or calculations different
from any stipulations contained in this Agreement, or
contemplates a sentence outside the Guidelines range based upon
the general sentencing factors listed in Title 18, United States
Code, Section 3553(a), the parties reserve the right to answer
any related inquiries from the Court.

6. **Court Not Bound by the Non-Mandatory Sentencing
Guidelines**:  It is understood that the sentence to be imposed
upon your client is determined solely by the Court. It is
understood that the Sentencing Guidelines are not binding on the
Court.  Your client acknowledges that your client's entry of a
guilty plea to the charged offense authorizes the sentencing
court to impose any sentence, up to and including the statutory
maximum sentence, which may be greater than the applicable
Guidelines range.  The Government cannot, and does not, make any
promise or representation as to what sentence your client will
receive.  Moreover, it is understood that your client will have
no right to withdraw your client's plea of guilty should the
Court impose a sentence outside the Guidelines range.

7. **Restitution**:  In addition to the other penalties
provided by law, the Court must also order that your client make
restitution under 18 U.S.C. § 3663A.  Restitution is payable
immediately unless ordered otherwise by the Court.

8. **Release/Detention**:  Your client agrees not to object to
the Government's recommendation to the Court at the time of the
plea of guilty in this case that, pursuant to 18 U.S.C. § 3143,
your client be detained without bond pending your client's
sentencing in this case.

9. **Breach of Agreement**:  Your client understands and agrees
that if, after entering this Agreement, he fails specifically to
perform or to fulfill completely each and every one of his
obligations under this Plea Agreement, or seeks to withdraw his
plea in Case Number BEL-02-0545 (D. Md.), or engages in any
criminal activity prior to sentencing, he will have breached this
Plea Agreement.  In the event of such a breach:  (a) the

-6-

Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by him and any of the information or materials provided by him, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including his statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Your client acknowledges that he completely understands Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn, and he knowingly and voluntarily waives the rights which arise under these rules. Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

10. **Waiver of Statute of Limitations**: It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement)

-7-

may be commenced or reinstated against your client,
notwithstanding the expiration of the statute of limitations
between the signing of this Agreement and the commencement or
reinstatement of such prosecution.  It is the intent of this
Agreement to waive all defenses based on the statute of
limitations with respect to any prosecution that is not time-
barred on the date that this Agreement is signed.

        11.  **Waiver of Right to DNA Testing**:  By entering this plea
of guilty, your client waives any and all right he may have,
pursuant to 18 U.S.C. §3600, to require DNA testing of any
physical evidence in the possession of the Government.  Your
client fully understands that, as a result of this waiver,
physical evidence in this case will not be preserved by the
Government and will therefore not be available for DNA testing in
the future.

        12.  **Complete Agreement**:  No other agreements, promises,
understandings, or representations have been made by the parties
or their counsel than those contained in writing herein, nor will
any such agreements, promises, understandings, or representations
be made unless committed to writing and signed by your client,
defense counsel, and an Assistant U.S. Attorney for the District
of Columbia.

        Your client further understands that this Agreement is
binding only upon the Criminal and Superior Court Divisions of
the United States Attorney's Office for the District of Columbia.
This Agreement does not bind the Civil Division of this Office or
any other United States Attorney's Office, nor does it bind any
other state, local, or federal prosecutor.  It also does not bar
or compromise any civil, tax, or administrative claim pending or
that may be made against your client.

        If the foregoing terms and conditions are satisfactory, your
client may so indicate by signing the Agreement in the space
indicated below and returning the original to me once it has been
signed by your client and by you or other defense counsel.

                              Sincerely yours,


                              JEFFREY A. TAYLOR
                              UNITED STATES ATTORNEY


                              Barbara E. Kittay
                              Assistant U.S. Attorney

-8-

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement, I fully understand it and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date:    9-11-07

Kevin D. Honesty
Defendant


## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, and believe that my client fully understands its terms. These pages accurately and completely set forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date:    9-11-07

Gary M. Sidell, Esquire
Attorney for Kevin Honesty