UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Criminal No. 07-0155 (PLF) |
| KEVIN HONESTY, ) | Civil Action No. 20-2177 (PLF) |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

Pending before this Court are the defendant's Motion to Vacate Judgment Under 28 U.S.C. § 2255 ("Def.'s Mot.") [Dkt. No. 48] and the United States' Motion to Dismiss Defendant's Motion to Vacate Judgment Under 28 U.S.C. § 2255 ("Gov't Mot.") [Dkt. No. 51]. For the reasons that follow, the Court will grant the government's motion and dismiss the defendant's motion.[1]

---

[1] The Court has reviewed the following documents in the above captioned matter in connection with the pending motion: Plea Agreement ("Plea Agrmt.") [Dkt. No. 16]; Judgment [Dkt. No. 25]; Motion to Vacate Judgment Under 28 U.S.C. § 2255 ("Def.'s Mot.") [Dkt. No. 48]; United States' Motion to Dismiss Defendant's Motion to Vacate Judgment Under 28 U.S.C. § 2255 ("Gov't Mot.") [Dkt. No. 51]; Gov't Mot., Exhibit 1 ("Ex. 1") [Dkt. No. 51-1]; and Gov't Mot., Exhibit 2 ("Ex. 2") [Dkt. No. 51-2].

The Court has also reviewed the following documents in United States v. Honesty, Criminal No. 97-0014 (D. Md.): Docket Entry of Rearraignment, United States v. Honesty, Criminal No. 97-0014 (D. Md. Feb. 23, 1999); Docket Entry of Judgment, United States v. Honesty, Criminal No. 97-0014 (D. Md. May 26, 1999) [Dkt. No. 47]; Judgment For Revocation with Supervised Release, United States v. Honesty, Criminal No. 97-0014 (D. Md. Jan. 19, 2007) [Dkt. No. 54]; and Motion to Vacate Judgment Under 28 U.S.C. § 2255, United States v. Honesty, Criminal No. 97-0014 (D. Md. June 4, 2020) [Dkt. No. 59].

The Court has also reviewed the following documents in United States v. Honesty, Criminal No. 02-0545 (D. Md.): Judgment, United States v. Honesty, Criminal

On February 23, 1999, in the District of Maryland, Mr. Honesty pled guilty to unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Gov't Mot. at 1; see also Docket Entry of Rearraignment, United States v. Honesty, Criminal No. 97-0014 (D. Md. Feb. 23, 1999). On May 26, 1999, Judge Deborah K. Chasanow sentenced Mr. Honesty to fifty-seven months of incarceration and three years of supervised release. Docket Entry of Judgment, United States v. Honesty, Criminal No. 97-0014 (D. Md. May 26, 1999) [Dkt. No. 47]. On January 19, 2007, Mr. Honesty's supervised release was revoked and he was sentenced to twenty-four months of incarceration, which was to run consecutively to another sentence imposed by Judge Benson Everett Legg in the District of Maryland in Criminal No. 02-0545. Judgment For Revocation with Supervised Release at 2, United States v. Honesty, Criminal No. 97-0014 (D. Md. Jan. 19, 2007) [Dkt. No. 54].[2]

On September 11, 2007, Mr. Honesty pled guilty in the District Court for the District of Columbia to: (1) armed bank robbery under 18 U.S.C. § 2113(a) and (d); and (2) possessing and carrying a firearm during the commission of a crime of violence under 22 D.C. Code § 4504(b). Plea Agrmt. at 8; Judgment at 1. On September 26, 2007, this Court sentenced Mr. Honesty to 105 months of incarceration on his armed bank robbery conviction, which was to run concurrently with the sentence imposed in Criminal No. 02-0545, and 60

---

No. 02-0545 (D. Md. Oct. 18, 2006) [Dkt. No. 45]; and Revised Judgment, United States v. Honesty, Criminal No. 02-0545 (D. Md. Apr. 12, 2007) [Dkt. No. 50].

[2]     On October 18, 2006, in Criminal No. 02-0545, Mr. Honesty pled guilty to (1) bank robbery, in violation of 18 U.S.C. § 2113(a), (d), and (f); and (2) carrying, brandishing, and possessing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i)(ii). Revised Judgment at 1, United States v. Honesty, Criminal No. 02-0545 (D. Md. Apr. 12, 2007) [Dkt. No. 50]. On that same date, Mr. Honesty was sentenced to eighteen years of incarceration for bank robbery and seven years of incarceration for the Section 924(c) conviction, to be served consecutively. Id. at 2.

months of incarceration on his D.C. Code firearms conviction, which was to run consecutively with the sentence imposed in Criminal No. 02-0545, but concurrently with the sentence imposed in Criminal No. 97-0014.  Judgment at 2.

On August 7, 2020, Mr. Honesty filed his Motion to Vacate Judgment Under 28 U.S.C. § 2255, contending that "this Court accepted [his guilty plea] without advising [him] of the element requiring knowledge of his prohibited status under § 922(g)" and therefore, that his "guilty plea under 18 U.S.C. § 922(g) must be vacated in light of the Supreme Court's recent decision in Rehaif v. United States."  Def.'s Mot. at 1, 3.  The government moved to dismiss Mr. Honesty's Section 2255 motion for lack of jurisdiction.  Gov't Mot. at 1.

Mr. Honesty was charged with a violation of 18 U.S.C. § 922(g) in the District of Maryland – not in this Court.  Compare Judgment at 1, with Judgment For Revocation with Supervised Release at 1, United States v. Honesty, Criminal No. 97-0014 (D. Md. Jan. 19, 2007) [Dkt. No. 54].  Because Mr. Honesty only contests his guilty plea under Section 922(g), this Court does not have jurisdiction to hear his claim.  See Pradelski v. Hawk-Sawyer, 36 F. Supp. 2d 1, 3 (D.D.C. 1999) (holding that defendant must file his Section 2255 motion in "the very court that sentenced him"); Flores v. Mukasey, Civil Action No. 08-0387, 2008 WL 724019, at *1 (D.D.C. Mar. 17, 2008) (citing Ojo v. INS, 106 F.3d 680, 683 (5th Cir. 1997) ("[T]he sentencing court is the only court with jurisdiction to hear defendant's [Section 2255] complaint")).  Although this Court has the authority under 28 U.S.C. § 1631 to transfer Mr. Honesty's motion to the appropriate jurisdiction, Mr. Honesty has already filed a 28 U.S.C. § 2255 motion in the District of Maryland in Criminal No. 97-0014.  Motion to Vacate

Judgment Under 28 U.S.C. § 2255 at 1-4, <u>United States v. Honesty</u>, Criminal No. 97-0014 (D. Md. June 4, 2020) [Dkt. No. 59]; Ex. 1 at 9; Ex. 2 at 1-4.  For the foregoing reasons, it is hereby

ORDERED that the United States' Motion to Dismiss Defendant's Motion to Vacate Judgment Under 28 U.S.C. § 2255 [Dkt. No. 51] is GRANTED, and it is

FURTHER ORDERED that the defendant's Motion to Vacate Judgment Under 28 U.S.C. § 2255 [Dkt. No. 48] is DISMISSED for lack of jurisdiction.

SO ORDERED.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE:  November 13, 2020