Case 1:07-cr-00155-PLF   Document 93   Filed 02/20/26   Page 1 of 8

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 07-0155 (PLF) |
| KEVIN HONESTY, | ) ) ) | |
| Defendant. | ) ) | |

MEMORADUM OPINION AND ORDER

Defendant Kevin Honesty has filed a pro se motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821. See Defendant's Motion for Amendment 821 Relating to Criminal History Retroactive Sentence Reductions ("Def. Motion for Am. 821.") [Dkt. No. 81]. Mr. Honesty is currently serving a 165 month sentence after pleading guilty to two felonies in 2007. See Judgment [Dkt. No. 25]. [1]

In 2023, the United States Sentencing Commission promulgated Amendment 821 to the United States Sentencing Guidelines ("USSG"), which authorizes courts to retroactively reduce the sentences of certain defendants awarded "status" points at sentencing based on their

---

[1] This Court sentenced Mr. Honesty to a total of 165 months of incarceration for his convictions of armed robbery and possessing and carrying a dangerous weapon during a crime of violence, consecutive to a sentence he was serving as a result of one of his convictions in the United States District Court for the District of Maryland. See Judgment at 2.

criminal history. Mr. Honesty has moved for a reduction in his sentence based on the retroactive application of Amendment 821. For the reasons that follow, the Court will deny the motion.[2]

## I. BACKGROUND

On September 11, 2007, Mr. Honesty pled guilty to two counts of a Superseding Information [Dkt. No. 9] charging him with: (1) armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d); and (2) possessing and carrying a firearm during a crime of violence in violation of 22 D.C. Code § 4504(b). See Superseding Information. Applying the November 2006 version of the Sentencing Guidelines, the Probation Office determined that Mr. Honesty had an offense level of 25 and a Criminal History Category IV. See Presentence Investigation Report ("PSR") at 5, 12. The Court sentenced him to a term of imprisonment of 165 months. More specifically, the Court sentenced him to a term of imprisonment as follows:

> Count 1s: One hundred five (105) months to run concurrently with the sentence imposed in case BEL-02-0545 (U.S.D.C., Baltimore, MD); and Count 2s: Sixty (60) months to run consecutively to the sentence imposed in case BEL-02-0545 (U.S.D.C., Baltimore, MD), but concurrently with the sentence imposed in case DKC97-0014 (U.S.D.C., Greenbelt, MD).

Judgment [Dkt. No. 25] at 2.[3]

---

[2] The Court has reviewed the following documents and attachments thereto in connection with the pending motion: Indictment as to Defendant ("Indictment") [Dkt. No. 1]; Superseding Information [Dkt. No. 9]; Defendant's Sentencing Memorandum ("Def. Sentencing Memo") [Dkt. No. 12]; Government's Sentencing Memorandum ("Govt. Sentencing Memo") [Dkt. No. 13]; Judgment [Dkt. No. 25]; Statement of Reasons [Dkt. No. 26]; Motion to Reduce Sentence re First Step Act of 2018 by Defendant ("Def. Motion re First Step Act of 2018") [Dkt. No. 74]; Supplemental Report to BOP ("Supp. Report to BOP") [Dkt. No. 74-3]; Motion for Amendment 821 Relating to Criminal History Retroactive Sentence Reductions – USSC Amendment ("Def. Motion for Am. 821") [Dkt. No. 81]; and the Presentence Investigation Report ("PSR").

[3] On February 23, 1999, Mr. Honesty pled guilty in the United States District Court for the District of Maryland to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). See United States v. Kevin Honesty, Criminal No. 97-0014

Under the 2006 Sentencing Guidelines, Mr. Honesty's Criminal History Category was based on a total of nine criminal history points, as calculated under USSG § 4A1.1 (Nov. 2006). See Presentence Investigation Report ("PSR") at 12. Mr. Honesty received three points each for his convictions for possession of cocaine with intent to distribute in 1989 and possession of a firearm by a convicted felon in 1999. See PSR at 7, 9 (citing USSG § 4A1.1(a) 1 (Nov. 2006)). This subtotal of six criminal history points would have placed Mr. Honesty in Criminal History Category III. Based on an offense level of 25 and Criminal History Category of III, the applicable guidelines range at the time would have been 70 to 87 months. See USSG § 5A. But, pursuant to USSG § 4A1.1(d) (Nov. 2006), an additional two points were added to Mr. Honesty's criminal history computation for committing the instant offense while under a criminal justice sentence. See PSR at 12. And pursuant to USSG § 4A1.1(e) (Nov. 2006) an additional "recency" point was added for committing the instant offense less than two years following Mr. Honesty's release from custody for his 1999 conviction. See PSR at 12.[4] The resultant total of

---

(D. Md. Feb. 23, 1999). He was sentenced to 57 months of imprisonment followed by three years of supervised release. See id. Subsequently, on October 18, 2006, Mr. Honesty pled guilty in the United States District Court for the District of Maryland to one count of armed bank robbery and one count of brandishing a firearm during and in relation to a crime of violence, for multiple robberies in 2002, which included an armed bank robbery in Silver Spring, Maryland, and a robbery of an armored vehicle in Anne Arundel, Maryland. See United States v. Kevin Honesty, Criminal No. 02-00545 (D. Md. Apr. 12, 2007). He was sentenced to serve 18 years of imprisonment for the armed bank robbery count, and seven years to be served consecutively for the firearm count. See id. The U.S. District Court of Maryland issued an opinion on July 24, 2024, denying Mr. Honesty's motions for compassionate release, but granting other motions for a reduction in sentence related to his 18 U.S.C. § 924(c) convictions. See United States v. Kevin Honesty, Crim. No. 02-0545, 2024 WL 3555306, at *5 (D. Maryland July 24, 2024).

[4] At the time of Mr. Honesty's sentencing in September 2007, USSG § 4A1.1(e) read:

> (e) Add 2 points if the defendant committed the instant offense less than two years after release from imprisonment on a sentence counted under (a) or (b). If 2 points are added for item (d), add only 1 point for this item.

3

nine criminal history points increased Mr. Honesty's Criminal History Category to Category IV. See USSG § 5A (Nov. 2006). With an Offense Level of 25 and Criminal History Category IV, Mr. Honesty's guidelines sentencing range was 84 to 105 months. Id. The Court adopted the Presentence Investigation Report guidelines calculation without change. See Statement of Reasons at 1.

On September 27, 2007, the Court sentenced Mr. Honesty to 105 months' imprisonment on Count One and sixty months' imprisonment on Count Two, these sentences to run consecutively. It also ordered him to pay restitution in the amount of $11,956.00 and a special assessment of $100.00 per count. See Judgment at 2, 5. The Court also sentenced Mr. Honesty to a total of five years of supervised released. Id. at 3.

Effective November 1, 2023, the Sentencing Commission adopted Amendment 821 and amended Section 4A1.1 of the Sentencing Guidelines. Before Amendment 821, a defendant who committed an offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status," received an additional two status points. See USSG § 4A1.1(d) (Nov. 2021). But under Part A of Amendment 821, a defendant with six or fewer criminal history points from prior sentences no longer receives any status points while a defendant with seven or more criminal history points receives only one status point. See United States v. Rosebar, 159 F.4th 63, 65 (D.C. Cir. 2025); see also USSG § 4A1.1(e) (Nov. 2023). In 2023, the Sentencing Commission made Amendment

---

In 2010, the United States Sentencing Commission adopted Amendment 742, which eliminated "recency" points under § 4A1.1(e). See 75 Fed. Reg. 27,388 (May 14, 2010). The Commission did not, however, designate Amendment 742 as an amendment that applies retroactively to allow a sentencing reduction. See USSG § 1B1.10(d) (Nov. 2025).

821 retroactive, so that a defendant who has already been sentenced may seek relief from the sentencing court.  See USSG § 1B1.10(d) (Nov. 2025); id. § 1B1.10, comment. (n.7) (Nov. 2025).

On November 3, 2023, Mr. Honesty filed a pro se motion seeking a sentence reduction under 18 U.S.C. § 3582 pursuant to Amendment 821.  Def. Motion for Am. 821 at 1.  The Federal Public Defender chose not to supplement Mr. Honesty's pro se motion, and the government did not file a brief in opposition.  Mr. Honesty's motion requested the Court to review his motion for resentencing under Amendment 821, appoint counsel or, in the alternative, hold a hearing.  Def. Motion for Am. 821 at 1.[5]

## II.  LEGAL STANDARD

Courts can modify a term of imprisonment only in limited circumstances.  See Dillon v. United States, 560 U.S. 817, 824 (2010).  Under 18 U.S.C. § 3582(c)(2), the court may modify a term of imprisonment if the defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  If the Sentencing Commission has adopted a change to the Guidelines that is made retroactive, the court can reduce a defendant's sentence accordingly.  Dillon v. United States, 560 U.S. at 824-25; United States v. Rosebar, 159 F.4th at 66.

Under Section 3582(c)(2), however, "any sentence reduction must be consistent with applicable policy statements issued by the Sentencing Commission."  United States v.

---

[5] There is no right to counsel in 18 U.S.C. § 3582(c) proceedings.  United States v. Brown, 565 F.3d 1093, 1094 (8th Cir. 2009).  There is also no right to a hearing Dillon v. United States, 560 U.S. 817, 827-28 (2010) (noting that under Rule 43(b)(4) of the Federal Rules of Criminal Procedure, a defendant does not need to be present at an 18 U.S.C. § 3582(c)(2) proceeding regarding sentencing modifications).

5

Dawodu, Crim. No. 21-145-2 (JDB), 2024 WL 3104759 * at 2 (D.D.C. June 24, 2024) (internal quotations and citations omitted); see Dillon v. United States, 560 U.S. at 826.  The applicable policy statement in this case is USSG § 1B1.10: Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement).  The Policy Statement instructs that in determining the amended guideline range that would have been applicable if the retroactive amendment had been in effect at the time of sentencing, "the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected."  See USSG § 1B1.10(b)(1); USSG § 1B1.10, comment. (n.2); see also Freeman v. United States, 564 U.S. 522, 530 (2011).  One such listed amendment is Amendment 821.  See USSG § 1B1.10(d) (Nov. 2025).

### III.     DISCUSSION

When considering a motion for a sentence reduction, the court applies a two-step approach.  Dillon v. United States, 560 U.S. at 827; United States v. Rosebar, 159 F.4th at 66 (2025); United States v. Wyche, 741 F.3d 1284, 1292 (D.C. Cir. 2014).  First, the court must determine whether the defendant is eligible for a reduced sentence and, if so, calculate the amended guideline range "as if the amendment were in effect at the time of the original sentencing."  United States v. Dawodu, 2024 WL 310759, at *2 (citing Dillon v. United States, 560 U.S. at 827).  If the defendant is found eligible, the court must next consider any applicable factors under 18 U.S.C. §3553(a) to determine whether a reduction "is warranted . . . under the particular circumstances of the case."  Dillon v. United States, 560 U.S. at 827.

At step one, a defendant is eligible for a sentence reduction based upon an amendment to the Guidelines if (1) the amendment applies retroactively, and (2) the amendment

6

has "the effect of lowering the defendant's applicable guideline[s] range." USSG § 1B1.10, comment (n.1(A)) (Nov. 2025).  Part A of Amendment 821, though retroactive, does not have the effect of lowering Mr. Honesty's Guidelines sentencing range.

If Amendment 821 had been in effect at the time of original sentencing, Mr. Honesty still would have a subtotal Criminal History score of six under USSG §4A1.1 (a)-(c) (Nov. 2025) based on his 1989 and 1999 felony convictions.  See PSR at 7, 9, 12.  Because the Sentencing Commission did not give retroactive effect to the 2010 amendment eliminating "recency" points from criminal history calculations under Section 4A1.1 of the current Guidelines, the Court may not consider the 2010 amendment in its calculation of Mr. Honesty's amended guideline range.  See USSG § 1B1.10(b)(1) (Nov. 2025) ("In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted . . . the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected."); USSG § 1B1.10, comment. (n.2); see also USSG § 1B1.10(d) (listing retroactive amendments).  Thus, Mr. Honesty would still receive one additional recency point because "[t]he instant offense was committed less than two years following the defendant's release from custody or while in imprisonment or on escape status for the sentence imposed on May 17, 1999."  See PSR at 12; USSG §4A1.1(e) (Nov. 2006).  This brings Mr. Honesty's subtotal criminal history score to seven points under USSG §4A1.1 (a)-(d) (Nov. 2025).  Because of his seven criminal history points, Mr. Honesty would receive one additional status point under Section 4A1.1(e), as amended by Amendment 821, bringing his final total to eight points.  See USSG §4A1.1(e) (Nov. 2025) ("One point is added if the defendant (1) receives 7 or more points under §4A1.1(a)

7

through (d), and (2) committed any part of the instant offense (i.e., any relevant conduct) while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.").

Under the amended Guidelines, a total of eight criminal history points establishes a Criminal History Category of IV.  See USSG Chapter 5, Part A.  Because this amended Criminal History Category is equivalent to Mr. Honesty's Criminal History Category at the time of the original sentencing and does not lower the applicable guidelines range, Mr. Honesty is not eligible for a reduced sentence under Amendment 821.  See USSG Chapter 5, Part A; USSG § 1B1.10(a)(2)(B).

## IV. CONCLUSION

For the reasons set forth above, it is hereby

ORDERED that defendant's Motion for Amendment 821 Relating to Criminal History Retroactive Sentence Reductions – USSC Amendment [Dkt. No. 81] is DENIED.

SO ORDERED.

_____
PAUL L. FRIEDMAN
United States District Judge

DATE:   February 20, 2026